# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIAN ANTHONY,<br><br>                        Plaintiff,<br><br>  v.<br><br>SHAWN STEPHEN,<br><br>                        Defendant. | Case No.: 25-cv-01550-DMS-BLM<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS COMPLAINT**<br><br>**[ECF No. 5]** |

Before the Court is Defendant Shawn Stephen's motion to dismiss Plaintiff Marian Anthony's Complaint. (Mot., ECF No. 5). Plaintiff, proceeding pro se, filed a response in opposition. (Opp'n, ECF No. 6).[1] Defendant filed a reply. (Reply, ECF No. 9). For the following reasons, Defendant's motion to dismiss is granted.

## I. BACKGROUND

The Court accepts the following allegations as true for purposes of resolving Defendant's motion. Plaintiff is a resident of Escondido, California. (Compl., ECF No. 1, at 2). Defendant, a resident of Arizona, is a licensed financial officer at Northwestern

---

[1] Plaintiff filed a motion for reconsideration of a separate order, wherein he raised additional arguments in opposition of the motion to dismiss. (ECF No. 7). Because Plaintiff did not receive prior approval to raise arguments beyond his Opposition, the Court declines to consider Plaintiff's supplemental filing here. The Court will address the motion for reconsideration in another order.

1

Mutual and an MMA fighter. (*Id.* at 3–4). During an altercation on August 5, 2022, a third party, "Galvez," physically restrained Defendant from "aggressively approaching" Plaintiff and repeatedly told Defendant to leave Plaintiff's home. (*See id.* ¶¶ 6–7). Defendant reported to police that Plaintiff pointed a gun at Defendant. (*Id.* ¶ 6). Defendant then, when testifying at a September 2, 2022 court hearing, falsely denied having to be physically restrained. (*Id.* ¶¶ 6–7). Defendant also falsely testified that Plaintiff said, "I will fucking kill you." (*Id.* ¶ 7). During the same hearing, Galvez denied seeing a gun and denied hearing "I will fucking kill you," contradicting Defendant's account. (*See id.* ¶ 6). Galvez also falsely denied her initial statements about pushing Defendant away from Plaintiff. (*See id.*). Plaintiff alleges that Defendant's and Galvez's false testimony is "indicative of collusion and racketeering." (*Id.*).

On January 19, 2023, Defendant texted Plaintiff: "You may be texting her phone, but you'll be talking to me. You'll be dealing with me now . . . I will be planted firmly in your way and you will go around." (*Id.* ¶ 9). On September 18, 2023, Defendant mailed Plaintiff a package containing a threatening message: "Your well-being is now at risk, and your children's as well. Do the right thing before someone gets seriously hurt." (*Id.* ¶ 8). Defendant texted Plaintiff on April 3, 2024. (*Id.* ¶ 10). On April 11, 2024, Plaintiff discovered that his mailbox was "forcibly torn out of the ground." (*Id.*). Plaintiff alleges that Defendant has "engaged in a multi-year pattern of unwanted contact, including trespassing at Plaintiff's home, destruction of private property, harassing, vandalism, stalking, and sending threatening communications," and willfully made false reports to police officers that resulted in the "swatting" of Plaintiff's home. (*Id.* ¶¶ 11–12).

Plaintiff sued Defendant in an earlier case, *Anthony v. Stephens*, Case No. 24-cv-00617, filed on April 1, 2024. (Case No. 24-cv-00617, ECF No. 1). Defendant moved to dismiss the earlier case, and Plaintiff failed to respond. (*Id.*, ECF Nos. 5, 7). Accordingly, this Court dismissed the action without prejudice. (*Id.*, ECF No. 7). Plaintiff then filed a new complaint on June 17, 2025, resulting in the present case. (Compl.). This case came before the Court after being transferred to the undersigned judge on October 2, 2025. (ECF

No. 13). In this case, Plaintiff alleges violations of 18 U.S.C. §§ 241, 242, 875, 876, 912, 1001, 1349, 1621, 2261A, 2510–2522, and 2331–2339B; a *Bivens* action; and intentional infliction of emotional distress ("IIED"). (Compl.). Plaintiff alleges that this Court has federal question jurisdiction over the claims. (*Id.* at 1–2). Defendant moves to dismiss the entire action under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Mot. 3).

## II. LEGAL STANDARD

### A. Rule 12(b)(1)

Under Rule 12(b)(1), a party may move to dismiss for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). Rule 12(b)(1) jurisdictional challenges can be either facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "A 'facial' attack accepts the truth of the plaintiff's allegations but asserts that they 'are insufficient on their face to invoke federal jurisdiction.'" *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (quoting *Safe Air for Everyone*, 373 F.3d at 1039). When a motion to dismiss makes a facial challenge, the court assumes the factual allegations in the complaint are true and draws all reasonable inferences in the plaintiff's favor. *Doe v. Holy See*, 557 F.3d 1066, 1073 (9th Cir. 2009). The plaintiff bears the burden of proving subject-matter jurisdiction by a preponderance of the evidence. *Leite*, 749 F.3d at 1121. A federal court must dismiss an action if it "determines . . . that it lacks subject-matter jurisdiction." Fed. R. Civ. P. 12(h)(3).

### B. Rule 12(b)(6)

Under Rule 12(b)(6), a party may file a motion to dismiss on the grounds that a complaint "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. If Plaintiff has "not nudged [his] claims across the line from conceivable to plausible," the Complaint "must be dismissed." *Id.* at 570.

In reviewing the plausibility of a complaint on a motion to dismiss, a court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). However, courts are not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted).

### III.  DISCUSSION

#### A. Violations of Title 18 of the United States Code

Plaintiff alleges violations of 18 U.S.C. §§ 241, 242, 875, 876, 912, 1001, 1349, 1621, 2261A, 2510–2522, and 2331–2339B. (Compl. 2–8). Defendant correctly argues that these statutes do not provide a private right of action. (Mot. 4, 7). "Title 18 of the United States Code does not establish any private right of action and cannot support a civil lawsuit." *Kent v. Century Manor Trust Ltd.*, No. 2:19-cv-01277 MCE AC (PS), 2019 WL 5596481, at *4 (E.D. Cal. Oct. 30, 2019). Plaintiff argues that these claims are not deficient because he alleges a civil Racketeer Influenced and Corrupt Organization claim and violations of 42 U.S.C. § 1985(3). (Opp'n 2–3). However, neither cause of action is alleged in the Complaint. "In assessing the adequacy of a complaint, the Court must look at the complaint itself, and not to explanations provided in the opposition." *K.C. v. Vejmola*, No. 17CV683-LAB (NLS), 2018 WL 1083455, at *1 (S.D. Cal. Feb. 27, 2018). "New or expanded allegations in opposition to a motion to dismiss are considered when deciding whether to grant leave to amend, but are not considered when ruling on a 12(b)(6)

motion." *Id.* Accordingly, the Court **GRANTS** Defendant's motion to dismiss the Title 18 of the United States Code claims **with leave to amend**.[2]

### B. *Bivens* Action

A *Bivens* action is "an implied private action for damages *against federal officers* alleged to have violated a citizen's constitutional rights." *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001) (emphasis added). Defendant argues that Plaintiff's *Bivens* action is legally deficient because Plaintiff does not allege that Defendant is a federal worker. (Mot. 4–5, 8). Indeed, Plaintiff alleges that Defendant is a licensed financial officer at Northwestern Mutual and an MMA fighter. (Compl. 2, ¶ 6). Neither are federal government positions. Plaintiff does not otherwise allege that Defendant acted as a federal officer during the relevant times. Defendant's motion to dismiss the *Bivens* action is **GRANTED with leave to amend**.

### C. IIED

Because Plaintiff's federal law claims are dismissed, only the state-law IIED claim remains. Defendant argues that it would be improper for this Court to maintain supplemental jurisdiction over the claim, and that Plaintiff did not properly allege diversity jurisdiction. (Mot. 8–9; Reply 5). Plaintiff alleges that the Court has jurisdiction only pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), (Compl. 1–2), but argues in his Opposition that the Court has supplemental and diversity jurisdiction over the IIED claim. (Opp'n 8). The Court agrees with Defendant. Federal question jurisdiction applies only to the federal law claims, which are now dismissed. Plaintiff has the burden to show the Court also has jurisdiction over the IIED claim, either through supplemental or diversity jurisdiction. Plaintiff fails to sufficiently allege either. Further, while Plaintiff alleges that he is a resident of California and Defendant is a resident of Arizona, the "diversity

---

[2] Plaintiff requests that this Court to refer this matter to the United States Attorney's Office for criminal prosecution. (Compl. ¶ 26); (*id.*, Prayer for Relief, ¶ C). "[T]he decision whether or not to prosecute . . . generally rests entirely in [the prosecutor's] discretion." *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978). The Court therefore declines to take any such action.

jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Defendant's motion to dismiss the IIED claim is **GRANTED with leave to amend**.[3]

## IV.  CONCLUSION

Based on the foregoing, Defendant's motion to dismiss is: **GRANTED with leave to amend**. Plaintiff may file a First Amended Complaint to cure the defects described above no later than **twenty one (21) days** from the date this Order is filed.

**IT IS SO ORDERED.**

Dated: October 21, 2025

Hon. Dana M. Sabraw
United States District Judge

---

[3] In light of this determination, the Court declines to address Defendant's argument that Plaintiff did not sufficiently allege an IIED claim under the *Iqbal/Twombly* pleading standard. (Mot. 6–7).