

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIAN ANTHONY,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>SHAWN STEPHEN,<br><br>　　　　　　　　Defendant. | Case No.: 25-cv-01550-DMS-BLM<br><br>**ORDER STAYING CASE SUA SPONTE; VACATING HEARING DATE** |

　　　This matter comes before the Court sua sponte. On October 21, 2025, the Court granted Defendant's motion to dismiss Plaintiff's original Complaint ("MTD Order"). (ECF No. 25). On November 5, 2025, Plaintiff filed his First Amended Complaint ("FAC"). (ECF No. 18). On November 17, 2025, Plaintiff appealed to the Ninth Circuit, challenging this Court's MTD Order. (ECF No. 25).

　　　Currently pending before the Court are several motions: (1) Plaintiff's motion to vacate the MTD Order under Federal Rule of Civil Procedure 60(B)(3), (ECF No. 17); (2) Plaintiff's motion for reconsideration of order denying motion to set trial date and for pre-trial scheduling conference, (ECF No. 21); and (3) Defendant's motion to dismiss Plaintiff's FAC, (ECF No. 28). Defendant's motion to dismiss Plaintiff's FAC is set for hearing on Friday, January 16, 2026, at 1:30 p.m. (ECF No. 28). For the following reasons,

the Court, sua sponte, stays the case until the resolution of the appeal filed in the Ninth Circuit.

## I.  LEGAL STANDARD

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* at 254–55 (internal citations omitted). These interests include: (1) "the possible damage which may result from granting a stay," (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (internal citations omitted). "Generally, stays should not be indefinite in nature." *Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007). "Courts have the power to stay proceedings sua sponte." *Owino v. CoreCivic, Inc.*, No. 17-CV-1112 JLS (NLS), 2018 WL 11282678, at *1 (S.D. Cal. Feb. 16, 2018) (internal citations omitted).

## II.  DISCUSSION

The Court, sua sponte, stays this case "pending resolution of the Ninth Circuit appeal . . . to facilitate the efficient and orderly resolution of the case." *Fussell v. Washington*, No. 2:25-CV-01865-RAJ, 2025 WL 3241690, at *1 (W.D. Wash. Nov. 20, 2025). First, the Court finds no risk of damage or hardship from staying the case. The stay is temporary. Such a temporary stay "will not cause any needless delay of the resolution of the case" at this early stage. *See Hart v. Weyrich*, No. 2:23-CV-884, 2023 WL 5015616, at *1 (W.D. Wash. Aug. 7, 2023). Further, the Court finds that "judicial efficiency weighs in favor of a stay." *Elec. Solidus, Inc. v. Proton Mgmt. Ltd.*, No. 2:24-CV-08280 MWC-EX, 2025 WL 1712363, at *4 (C.D. Cal. May 27, 2025). The Court is divested of jurisdiction from some of Plaintiff's claims, like his intentional infliction of emotional distress claim. *See*

*Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982)  (finding that "[t]he filing of a notice of appeal . . . confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal"). Additionally, a decision by the Ninth Circuit may impact how the Court would otherwise rule on the pending motions (particularly Plaintiff's motion to vacate the MTD Order and Defendant's  motion to dismiss the FAC).  Considering the above, the Court stays the case pending the outcome of Plaintiff's appeal to the Ninth Circuit.  The stay shall automatically lift upon resolution of the appeal.

### III.   CONCLUSION

Considering the foregoing, the Court **STAYS** the action, sua sponte, until the resolution of the appeal filed in the Ninth Circuit.  The hearing for Defendant's motion to dismiss the FAC is **VACATED**.   The parties are **ORDERED** to not file any further motions.  The parties are further **ORDERD** to file with this Court a joint status report within **48 hours** of the Ninth Circuit's decision on the appeal.

**IT IS SO ORDERED.**

Dated: November 28, 2025

Hon. Dana M. Sabraw
United States District Judge