

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

MARIAN ANTHONY,

Plaintiff,

v.

SHAWN STEPHEN,

Defendant.

Case No.:  25-cv-01550-DMS-BLM

**ORDER DENYING PLAINTIFF'S MOTIONS FOR RECONSIDERATION**

**[ECF Nos. 7, 17]**

Pending before the Court are Plaintiff's motions for reconsideration.  (ECF Nos. 7, 17.)[1]  Plaintiff moved the Court to reconsider the dismissal of a related case, *Anthony v. Stephen*, Case No. 24-cv-00617 ("Related Case").  (ECF No. 7.)  Plaintiff also moved for reconsideration of the Court's order granting Defendant's motion to dismiss the Complaint in this case, entered October 21, 2025 ("MTD Order").  (ECF No. 17.)  Defendant filed a response in opposition to Plaintiff's motion to reconsider the MTD Order.  (ECF No. 23.)  For the following reasons, the Court denies Plaintiff's motions for reconsideration.

/ / /

/ / /

---

[1] Unless otherwise stated, citations to ECF numbers refer to this case.

1

## I.   BACKGROUND

Plaintiff filed the Complaint in the Related Case on April 1, 2024.  (Case No. 24-cv-00617, ECF No. 1.)  Defendant moved to dismiss the Related Case on May 7, 2024.  (Case No. 24-cv-00617, ECF No. 5.)  Plaintiff did not oppose the motion.  Accordingly, the Court dismissed the action without prejudice pursuant to Local Rule 7.1(f)(3)(c).  (Case No. 24-cv-00617, ECF No. 7.)  Plaintiff filed the original Complaint in this case on June 17, 2025. (ECF No. 1.)  Defendant moved to dismiss, (ECF No. 5), which Plaintiff opposed.  (ECF Nos. 6, 7.)  In his opposition to Defendant's motion to dismiss, Plaintiff moved the Court to reconsider the dismissal of the Related Case.  (ECF No. 7, at 7.)  The Court granted Defendant's motion to dismiss with leave to amend the Complaint, (ECF No. 16, at 6), and noted that it would address Plaintiff's motion for reconsideration in a separate order.  (*Id.* at 1 n.1.)  Plaintiff then moved the Court to reconsider its MTD Order.  (ECF No. 17.)

## II.   LEGAL STANDARD

The Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration.[2]  However, a motion for reconsideration may be construed as a motion to amend judgment under Federal Rule of Civil Procedure 60(b).  *See In re Arrowhead Estates Development Co.*, 42 F.3d 1306, 1311 (9th Cir. 1994).  Rule 60(b) states that a court may relieve a party or its legal representative from a final judgment, order, or proceeding for:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . , misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it

---

[2] Local Rule 7.1(i) permits motions for reconsideration.  S.D. Cal. Civ. R. 7.1(i).  Under Local Rule 7.1(i)(1), a party may apply for reconsideration "[w]henever any motion or any application or petition for any order or other relief has been made to any judge and has been refused in whole or in part."  *Id.*  The party seeking reconsideration must show "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application."  *Id.*

prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "Rule 60(b)(6) provides a catchall for 'any other reason that justifies relief.'" *Kemp v. United States*, 596 U.S. 528, 533 (2022). "This last option is available only when Rules 60(b)(1) through (b)(5) are inapplicable." *Id.* "Motions for reconsideration should be granted only in rare circumstances." *Smith v. Shartle*, No. CV-18-00323, 2019 WL 5653444, at *2 (D. Ariz. Oct. 31, 2019) (citation omitted). "A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

### III.   DISCUSSION

#### A. Dismissal of Related Case

Plaintiff argues that the Court should reconsider dismissing the Related case because the "Defendant's perjury and mailbox vandalism constitute fraud preventing response." (ECF No. 7, at 7 (citations omitted).)  Specifically, Plaintiff argues that Defendant vandalized his mailbox in April 2024, which prevented him from receiving mail, including Defendant's motion to dismiss the Related Case (filed on May 7, 2024). (*Id.* at 2–3.) Plaintiff also argue that "extraordinary circumstances" warrant reconsideration. (*Id.* at 2, 7.)

The Court finds that Plaintiff's motion is untimely. The Related Case was dismissed on July 17, 2024. (Case No. 24-cv-00617, ECF No. 7.) Plaintiff moved for reconsideration on August 13, 2025—over one year later. (ECF No. 7.) Thus, Plaintiff's motion under Rule 60(b)(3) is explicitly barred by Rule 60(c). Additionally, while Rule 60(b)(6) motions are "not subject to this . . . 1-year constraint," *Kemp*, 596 U.S. at 533, the Court finds that Plaintiff's arguments under Rule 60(b)(6) were not raised within a "reasonable time." The docket states that "[a]ll non-registered users" were "served via U.S. Mail" with the Court's Order dismissing the Related Case and the Clerk's Judgment. (ECF Nos. 7–8.) Thus, Plaintiff had notice that the Related Case was dismissed but moved for reconsideration 13

25-cv-01550-DMS-BLM

months later.  Enough time passed that Plaintiff filed the Complaint in the present case, (ECF No. 1), and responded to Defendant's motion to dismiss, (ECF No. 6), before finally moving for reconsideration.  Thus, Plaintiff's motion to reconsider the Court's dismissal of the Related Case is **DENIED**.

### B. MTD Order

Plaintiff argues that the MTD Order was "procured through . . . fraud and misconduct," including "Defendant's willful sending of an interstate UPS envelope from Arizona to California on September 18, 2023," the threatening of children, and "perjury, harassment, trespassing, and vandalism of Plaintiff's mailbox on April 11, 2024." (ECF No. 17, at 2.)  Plaintiff contends that "[t]his interference prevented Plaintiff from receiving and responding to prior motions, leading to an unopposed dismissal in" the Related Case. (*Id.*)  It appears Plaintiff reargues why the dismissal of the Related Case should be reconsidered.  For the reasons stated above, *see supra* III.A, the Court rejects these arguments.

To the extent Plaintiff argues that fraud and misconduct warrant a reconsideration of the MTD Order, the Court disagrees.  The alleged conduct (threats, "perjury, harassment, trespassing, and vandalism") appears to be the basis for Plaintiff's causes of action—not evidence of fraud or misconduct warranting reconsideration of the MTD Order.  Plaintiff does not sufficiently show how any fraud or misconduct by Defendant impacted Plaintiff's ability to respond to the motion to dismiss or the Court's MTD Order.  Indeed, Plaintiff availed himself of the opportunity to respond to Defendant's motion and filed an Opposition.

Plaintiff also argues that the MTD Order "manifests clear error by misinterpreting and misapplying the law," including "overlooking interstate threats" and "extortion," "inconsistently applying *Iqbal*" and "*Twombly* by ignoring exhibits proving plausibility, and declining referral despite verifiable federal crimes." (ECF No. 17, at 2.)  Plaintiff repeats many of the same facts and arguments already raised in his Complaint and Opposition, contending the Court overlooked or misinterpreted Plaintiff's evidence.

25-cv-01550-DMS-BLM

However, the Court considered these facts and arguments when ruling on Defendant's motion to dismiss and found none to be persuasive. A motion for reconsideration need not be granted if it asks the district court merely "'to rethink what the court had already thought through – rightly or wrongly.'" *Smith*, 2019 WL 5653444, at *2 (citation omitted). Further, a motion for reconsideration may not "repeat any argument previously made . . . in opposition to a motion." *Id.* (citations omitted). Plaintiffs' motion for reconsideration of the MTD Order is therefore **DENIED**.

### IV.    CONCLUSION

Based on the foregoing, the Court **DENIES** both of Plaintiff's motions for reconsideration.

**IT IS SO ORDERED.**

Dated: February 26, 2026

_____
Hon. Dana M. Sabraw
United States District Judge