# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

MARIAN ANTHONY,

Plaintiff,

v.

SHAWN STEPHEN,

Defendant.

Case No.:  25-cv-01550-DMS-BLM

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**

**[ECF No. 28]**

Before the Court is Defendant Shawn Stephen's motion to dismiss Plaintiff Marian Anthony's First Amended Complaint ("FAC").  (Mot., ECF No. 28-1.)  Plaintiff, proceeding pro se, responded in opposition, (Opp'n, ECF No. 44-2), to which Defendant replied.  (Reply, ECF No. 46.)  For the following reasons, the Court grants Defendant's motion with leave to amend.

## I.    BACKGROUND

Plaintiff resides in Escondido, California.  (First Am. Compl. ("FAC"), ECF No. 18, ¶ 5.) Defendant, a citizen of Arizona, is a licensed financial officer at Northwestern Mutual and an MMA fighter.  (*Id.* ¶¶ 6–7.)  On August 5, 2022, Defendant allegedly trespassed on Plaintiff's property and refused to leave despite requests from Plaintiff and Corina Galvez, a third party.  (*Id.* ¶ 7.)  Defendant then threatened Plaintiff, while Plaintiff retreated peacefully.  (*Id.*)  Galvez physically restrained Defendant during the altercation.  (*See id.*)

Defendant also falsely reported to the police that Plaintiff was armed with a gun, leading to Plaintiff's "wrongful arrest without probable cause." (*Id.*) In addition, Defendant falsely testified at a September 2, 2022 court hearing by denying he had been restrained by Galvez during the altercation and testifying that Plaintiff pushed him and threatened to kill him. (*See id.* ¶ 8.) Plaintiff alleges Galvez "colluded" with Defendant at the hearing by also falsely testifying. (*Id.*) The false testimony led to Plaintiff's bail being set at $210,000, a "loss of gun rights," "parental interference," and "$1.3 million in damages, including severe emotional harm to minors from ongoing fear." (*Id.*) On January 19, 2023, Defendant texted Plaintiff: "You may be texting [Galvez's] phone, but you'll be talking to me. . . . I will be planted firmly in your way and you will go around." (*Id.* ¶ 9.) On September 18, 2023, Defendant mailed Plaintiff a threatening message that "target[ed] minors for $10,000": "Your well-being is now at risk, and your children's as well. . . . Do the right thing before someone gets seriously hurt." (*Id.* ¶ 10.)

Plaintiff filed an earlier case, *Anthony v. Stephens*, Case No. 24-cv-00617, on April 1, 2024. (*Id.* ¶ 11; Case No. 24-cv-00617, ECF No. 1.) In response, Defendant allegedly sent a harassing text message and vandalized Plaintiff's mailbox. (FAC ¶ 11.) The vandalism obstructed Plaintiff's receipt of mail, which prevented him from responding to Defendant's motion to dismiss the earlier case. (*Id.*; Case No. 24-cv-00617, ECF Nos. 5, 7.) This Court dismissed the earlier action without prejudice because of Plaintiff's failure to respond. (Case No. 24-cv-00617, ECF No. 7.) Plaintiff filed a new complaint on June 17, 2025, resulting in the present case. (ECF No. 1.) Defendant thereafter moved to dismiss, (ECF No. 5), which the Court granted with leave to amend. (ECF No. 16.) Plaintiff filed his FAC on November 5, 2025, alleging a civil Racketeer Influenced and Corrupt Organization ("RICO") claim, violation of 42 U.S.C. § 1985(3), and intentional

inflction of emotional distress ("IIED").[1]  (FAC 7.)  Defendant moves to dismiss the entire action.

## II.    LEGAL STANDARD

### A. Federal Rule of Civil Procedure 12(b)(1)

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute."  *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (internal quotation marks and citation omitted).  A lawsuit may be before a federal court based on (1) federal question or (2) diversity of citizenship of the parties and an amount in controversy that exceeds $75,000.  *See* 28 U.S.C. §§ 1331, 1332(a).  If there is no federal question, diversity, or other independent basis for jurisdiction, a party may ask a federal court to invoke supplemental jurisdiction.  *Stein v. Farmers Ins. Co. of Ariz.*, 734 F. Supp. 3d 1021, 1026 (S.D. Cal. 2024).  Supplemental jurisdiction "recognizes federal courts' jurisdiction over some matters (otherwise beyond their competence) that are incidental to other matters properly before them."  *Id.* (citation modified) (citing *K.C. ex rel. Erica C. v. Torlakson*, 762 F.3d 963, 968 (9th Cir. 2014)).  The plaintiff bears the burden of proving subject-matter jurisdiction by a preponderance of the evidence.  *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014).  A party may move to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1).  *See* Fed. R. Civ. P. 12(b)(1).  "The defense of lack of subject matter jurisdiction cannot be waived, and the court is under a continuing duty to dismiss an action whenever it appears that the court lacks jurisdiction."  *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983); Fed. R. Civ. P. 12(h)(3).

---

[1] Plaintiff references several federal crimes, such as 18 U.S.C. §§ 875, 876, 1341, 1503, and 1701, as "predicate acts" for the civil RICO claim, but not as independent causes of action.  (*See* FAC 2, 6.) Generally, "[t]itle 18 of the United States Code does not establish any private right of action and cannot support a civil lawsuit."  *Kent v. Century Manor Trust Ltd.*, No. 2:19-cv-01277 MCE AC (PS), 2019 WL 5596481, at *4 (E.D. Cal. Oct. 30, 2019).  Thus, the Court finds that Plaintiff did not, and could not, assert violations of 18 U.S.C. §§ 875, 876, 1341, 1503, and 1701 as causes of action.

3

**B. Federal Rule of Civil Procedure 12(b)(6)**

Under Rule 12(b)(6), a party may file a motion to dismiss on the grounds that a complaint "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. If a plaintiff has "not nudged [his] claims across the line from conceivable to plausible," the complaint "must be dismissed." *Id.* at 570.

In reviewing the plausibility of a complaint on a motion to dismiss, a court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). However, courts are not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted). While the Court has an obligation to construe pro se pleadings liberally, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010), it may not "supply essential elements of [claims] that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

25-cv-01550-DMS-BLM

### III.    DISCUSSION

**A. Civil RICO**

To succeed on a civil RICO claim, a plaintiff must show "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to the plaintiff's 'business or property.'" *Grimmett v. Brown*, 75 F.3d 506, 510 (9th Cir. 1996); 18 U.S.C. §§ 1964(c), 1962(c).  Here, Plaintiff alleges Defendant "engaged in a pattern of racketeering (at least two acts: interstate mail extortion/threats to minors for $10,000 . . . ) and perjury/obstruction . . . causing injury." (FAC 7.)  The Court finds Plaintiff failed to sufficiently allege a civil RICO claim.

First, the allegations do not show Defendant made use of an "enterprise."  An "enterprise" is "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity."  18 U.S.C. § 1961(4); *Odom v. Microsoft Corp.*, 486 F.3d 541, 548 (9th Cir. 2007).  "However, a RICO 'enterprise' must constitute an entity distinct from the RICO 'person.'" *McClintic v. United States Postal Serv.*, No. 113CV00439LJOGSA, 2014 WL 12576249, at *1 (E.D. Cal. Jan. 14, 2014) (citations omitted).  "To establish the existence of such an enterprise, a plaintiff must prove the group associated for 'a common purpose of engaging in a course of conduct,' and provide both 'evidence of an ongoing organization, formal or informal,' as well as 'evidence that the various associates function as a continuing unit.'" *Id.* at *2 (citations omitted).  At most, Plaintiff alleges that "Galvez colluded" with Defendant by falsely testifying at a court hearing. (FAC ¶ 8.)  This singular allegation is insufficient to plausibly allege an enterprise.

Next, 18 U.S.C. § 1961(1) lists the predicate acts that qualify as "racketeering activity." *Banks v. ACS Educ. Corp.*, No. 10CV1886 AJB CAB, 2012 WL 1033316, at *6 (S.D. Cal. Mar. 26, 2012), *amended on reconsideration,* No. 10CV1886 AJB (CAB), 2012 WL 13175885 (S.D. Cal. July 2, 2012); 18 U.S.C. § 1961(1).  Plaintiff alleges violations of 18 U.S.C. §§ 875, 876, 1341, 1503, and 1701 as predicate acts.  (*See* FAC 2, 6.)  However, only §§ 1341 (mail fraud) and 1503 (obstruction of justice) constitute cognizable

predicate acts.  *See* 18 U.S.C. § 1961(1).  Further, "[m]ail fraud under 18 U.S.C. § 1341 requires a scheme to defraud; Plaintiff pleads only that a [threatening] letter was mailed" and his mailbox was vandalized.  (Reply 4.)  Even when accepted as true, these alleged actions do not constitute mail fraud under § 1341.  However, Defendant also allegedly lied to police officers when he stated Plaintiff was armed and falsely testified that Plaintiff pushed and threatened him during a court proceeding.  (FAC ¶¶ 7–8.)  Accepting these allegations as true, it is plausible that Defendant obstructed justice in violation of § 1503.  *See* 18 U.S.C. § 1503.  Thus, a civil RICO claim may survive under this theory (assuming other elements are sufficiently pled).

Lastly, Plaintiff does not allege a cognizable RICO injury.  (Mot. 8.)  "[T]o prevail on a RICO claim, Plaintiff must allege a harm to a specific business or property interest." *Betts v. Mendivil*, No. 3:23-CV-00907-LL-BGS, 2024 WL 1521574, at *4 (S.D. Cal. Apr. 8, 2024).  The FAC alleges no such harm occurred as a result of a RICO violation. "Without a harm to a specific business or property interest—a categorical inquiry typically determined by reference to state law—there is no injury to business or property within the meaning of RICO."  *Diaz v. Gates*, 420 F.3d 897, 900 (9th Cir. 2005).  For the above reasons, the Court **DISMISSES** the civil RICO claim with leave to amend.

**B. Section 1985(3)**

Section 1985(3) "provides a cause of action to anyone who is injured by a conspiracy to deprive them of their constitutional rights but at least one of the wrongdoers in the alleged conspiracy must be a state actor."  *Kaminsky v. Cisa, Inc.*, No. 24-CV-0286-JO-VET, 2024 WL 3330601, at *2 (S.D. Cal. July 8, 2024) (citation modified) (citation omitted); 42 U.S.C. § 1985(3).  While Defendant moves to dismiss the entire FAC, he fails to specify why Plaintiff's § 1985(3) claim is deficient.  Nonetheless, a "court, acting on its own, may note the inadequacy of the complaint and dismiss it for failure to state a claim." *Gugger v. USAA Fed. Sav. Bank*, No. 17-CV-1518-AJB-AGS, 2017 WL 5552254, at *4 (S.D. Cal. Nov. 17, 2017) (citing *Sparling v. Hoffman Const. Co., Inc.*, 864 F.2d 635, 638 (9th Cir. 1988)).  The Court finds Plaintiff's § 1985(3) claim is not sufficiently pled.

25-cv-01550-DMS-BLM

Plaintiff alleges Defendant conspired with Galvez to deprive him of his equal protection rights.  (FAC ¶ 13.)  Defendant is a licensed financial officer and an MMA fighter, (*id.* ¶¶ 6–7)—neither of these occupations are state government positions.  Plaintiff does not allege Galvez's occupation.  Accordingly, Plaintiff fails to identify "any state actors who violated [his] rights" or allege that "the private entity defendants conspired with state actors." *Kaminsky*, 2024 WL 3330601, at *3.  Plaintiff's § 1985(3) claim is legally deficient and therefore **DISMISSED** with leave to amend.

## C. IIED

The Court also dismisses the IIED claim for lack of jurisdiction.  There is no federal question jurisdiction for this claim because it arises under California law.  *See Yokeno v. Mafnas*, 973 F.2d 803, 808 (9th Cir. 1992).  There is also insufficient proof that diversity jurisdiction exists.  Diversity jurisdiction exists only where there is complete diversity between the parties and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a). Here, Plaintiff alleges he is a resident of California and Defendant is a citizen of Arizona. However, the "diversity jurisdiction statute . . . speaks of *citizenship*, not of *residency*." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (emphases added). Plaintiff has not sufficiently alleged that he is a *citizen* of California.  Plaintiff also fails to establish the requisite amount in controversy (more than $75,000).  Plaintiff alleges the damages at issue amount to $1.3 million.  (FAC ¶ 8.)  However, he fails to allege any facts supporting that conclusion.  Further, the $1.3 million in damages includes "severe emotional harm to minors." (*Id.*)  Plaintiff must show that he personally incurred damages in excess of $75,000 without adding damages allegedly suffered by others.  *See Travelers Indem. Co. of Connecticut v. Pulte Grp., Inc.*, No. LACV1808994JAKJPRX, 2019 WL 1915760, at *8 (C.D. Cal. Apr. 26, 2019).  Lastly, "district courts may decline to exercise supplemental jurisdiction over a claim" if it has "dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367.  Because Plaintiff's federal law claims (i.e., civil RICO and § 1985(3)) are dismissed, the Court declines to exercise supplemental

25-cv-01550-DMS-BLM

jurisdiction over the IIED claim.  Thus, Defendant's motion to dismiss the IIED claim is **GRANTED** with leave to amend.[2]

## IV.  CONCLUSION

Based on the foregoing, the Defendant's motion to dismiss is **GRANTED with leave to amend**.  Plaintiff may file a Second Amended Complaint to cure the defects described above no later than **twenty one (21) days** from the date this Order is filed.

**IT IS SO ORDERED.**

Dated: April 16, 2026

Hon. Dana M. Sabraw
United States District Judge

---

[2] In light of this determination, the Court declines to address Defendant's arguments to dismiss the IIED under Rules 8(a) and 12(b)(6).  (*See* Mot. 9–10.)

25-cv-01550-DMS-BLM